UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL LIETZKE,<br><br>    Plaintiff,<br><br>    v.<br><br>GREYHOUND LINES INC.,<br><br>    Defendants. | No. 2:18-cv-02392-TLN-CKD PS<br><br><br><br>ORDER |

On August 30, 2018, plaintiff Bill Lietzke, proceeding without counsel, filed this action and requested leave to proceed *in forma pauperis*.[1] (ECF Nos. 1, 2.) After carefully reviewing plaintiff's complaint, the court concludes that the action should be transferred to the Southern Division of the United States District Court for the Northern District of Alabama.

If a court determines that the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Relatedly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

Here, plaintiff alleges that he bought a bus ticket from defendant in Los Angeles, California on April 16, 2018, and that on April 20, 2018, in Birmingham, Alabama, defendant "struck, shoved, kicked, and touched the Plaintiff and subjected the Plaintiff to unlawful arrest, false imprisonment, harassment, and civil rights violations." (ECF No. 1 at 2.) However, plaintiff's complaint fails to demonstrate that this district is the proper venue for the action.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

For the purposes of 28 U.S.C. § 1391(b)(1), a corporation is a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Federal courts generally follow state law to determine the appropriate bounds of personal jurisdiction. Walden v. Fiore, 571 U.S. 277, 283 (2014). A federal court sitting in California "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." See Cal. Civ. Proc. Code § 410.10.

The Due Process Clause of the Fourteenth Amendment limits a court's ability to exercise personal jurisdiction over nonresident defendants. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Walden, 571 U.S. at 283 (internal citations and quotation marks omitted).

Here, this court lacks personal jurisdiction over defendant Greyhound Lines, Inc. because it lacks minimum contacts with this forum, in relation to plaintiff's allegations. According to the

complaint, defendant sold a ticket in Los Angeles and committed torts in Alabama. There is no indication that any of defendant's alleged actions occurred within the geographical boundaries of the Eastern District of California. Thus, defendant is not a resident of this district for the purposes of determining venue in this matter. 28 U.S.C. § 1391(c)(2).

As to 28 U.S.C. § 1391(b)(2), even though plaintiff alleges that he bought a bus ticket in California, he fails to demonstrate that a *substantial* part of the events occurred in California, let alone in the Eastern District of California. Furthermore, 28 U.S.C. § 1391(b)(3) does not apply because there is another district where all the pertinent events occurred. The allegations here took place in Birmingham, Alabama, which lies within the geographic boundaries of the Southern Division of the United States District Court for the Northern District of Alabama.

Even assuming that venue could lie in this district, the court finds that in the interest of justice the Northern District of Alabama is a more appropriate venue because the pertinent events took place within that forum. See 28 U.S.C. § 1404(a).

Therefore, the court transfers this action to the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a). In transferring this action, this court expresses no opinion regarding the merits of plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The action, including the pending motion to proceed *in forma pauperis*, is TRANSFERRED to the Southern Division of the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).
2. The Clerk of Court shall close this case.[2]

Dated: October 3, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.18-2392.lietzke.transfer order

---

[2] Plaintiff is instructed to direct any filings or inquiries related to this case to the Southern Division of the United States District Court for the Northern District of Alabama. *Plaintiff is cautioned that further filings in the Eastern District of California related to this case will be disregarded.*

3